UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZACHARY B. GILBERT,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FCA US, LLC et al.,<br><br>　　　　　Defendants. | Case No.　1:22-cv-01285-NODJ-EPG<br><br>ORDER RE: REQUEST FOR ENTRY OF JUDGMENT<br><br>(ECF No. 17). |

  In this removed action, Plaintiff asserts claims relating to an allegedly defective vehicle against Defendants FCA US, LLC; Gill Auto Group; and Does 1 through 10. (ECF No. 1). The Court entered a scheduling order on March 1, 2023. (ECF No. 11).

  On February 6, 2024, Plaintiff filed a request for entry of judgment (ECF No. 17) pursuant to Federal Rule of Civil Procedure 68(a), which provides as follows:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

Fed. R. Civ. P. 68(a).

  Attached to Plaintiff's request is Defendant FCA US LLC's offer of judgment. Among other things, the offer of judgment provides as follows: (1) $30,000 to Plaintiff "in exchange for a dismissal with prejudice as to the entire action against all defendants; (2) a "dismissal shall be

filed within 5 days upon satisfaction of funding" and "FCA will satisfy such funding obligations within 90 days after execution and return of this offer"; and (3) "[i]f the parties are unable to resolve attorney's fees and costs, Plaintiff may seek reasonable costs, expenses and attorneys' fees pursuant to a properly noticed motion pursuant to Rule 54 of the Federal Rules of Civil Procedure and Civil Code Section 1794(d)." The offer is dated on January 12, 2024, and Plaintiff accepted the terms of the offer on January 19, 2024.

As to Rule 68, the Ninth Circuit has stated as follows:

> Rule 68 allows no discretion on the part of the district court. If the plaintiff accepts a Rule 68 offer, "it is automatically entered by the clerk of court." *Beauchamp*, 816 F.3d at 1223 (quoting *Nusom*, 122 F.3d at 834). There is broad agreement on this aspect of the rule. *See, e.g., Mei Xing Yu v. Hasaki Rest., Inc.*, 944 F.3d 395, 400 (2d Cir. 2019) ("Rule 68(a)'s command that the clerk *must* enter judgment is mandatory and absolute."); *Ramming v. Nat. Gas Pipeline Co. of Am.*, 390 F.3d 366, 371 (5th Cir. 2004) ("the district court did not have the discretion to refuse to enter the Offer of Judgment" or change its terms); *Mallory v. Eyrich*, 922 F.2d 1273, 1279 (6th Cir. 1991) (the district court's function is "ministerial rather than discretionary").
>
> Under the plain text of Rule 68, the District Court properly entered judgment according to the County's offer of judgment. Our review of the rule, above, shows that it was designed to function in a mechanical manner. A Rule 68 "offer, once made, is non-negotiable; it is either accepted, in which case it is automatically entered by the clerk of court, or rejected, in which case it stands as the marker by which the plaintiff's results are ultimately measured." *Nusom*, 122 F.3d at 834. Nor does the text of the rule admit of exceptions to the fourteen-day period during which an offer of judgment remains open. Rule 68 simply provides that "[i]f, within 14 days after being served, the [plaintiff] serves written notice accepting the offer," the acceptance may be filed and judgment must be entered, Fed. R. Civ. P. 68(a); "[a]n unaccepted offer is considered withdrawn," Fed. R. Civ. P. 68(b).

*Kubiak v. Cnty. of Ravalli*, 32 F.4th 1182, 1187–88 (9th Cir. 2022).

Given the requirement that a judgment be automatically entered by the Clerk of Court upon the acceptance of a Rule 68 offer, IT IS ORDERED as follows:

1. The Clerk of Court is directed to enter judgment in favor of Plaintiff in the amount of $30,000.00 pursuant to the terms of the Rule 68 Offer.
2. Given that the offer of judgment requires the filing of a dismissal with prejudice of the entire action, the parties shall file an appropriate dispositional document by no later than May 7, 2024. Alternatively, if the parties are unable to file a dispositional document by

this date, they shall file a joint status report explaining the reasons for the delay and when they plan to file a dispositional document.

3. Also by May 7, 2024, Plaintiff shall file any motion for attorney's fees and related nontaxable expenses, assuming the parties are unable to resolve this issue. *See* Fed. R. Civ. P. 54(d)(2)(B)(i) (providing that a motion for attorney's fees and related nontaxable expenses must be filed no later than 14 days after the entry of judgment unless a court orders otherwise).

4. In light of the offer of judgment's condition that this action be dismissed as to all Defendants, the Court vacates all deadlines and dates in the scheduling order. (ECF No. 11).

IT IS SO ORDERED.

Dated:   **February 7, 2024**          /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

3